UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. CHARLES PARISH HOSPITAL DIST. #1　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　NO. 07-5924

UNITED FIRE AND CASUALTY CO.　　　　　　　　SECTION "R" (3)

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Appoint Umpire #5. The matter has been fully briefed and it has been submitted for determination. For the following reasons, the Court has determined that the policy establishes a procedure for appointment of appraisers and an umpire to determine business interruption loss, which is appropriately invoked at this juncture in the case at bar. For the following reasons, the undersigned Magistrate Judge APPOINTS **Ernie L. Carpenter** as umpire in this case.

Background

On September 25, 2007, defendant United Fire and Casualty Company ("UF") removed this Hurricane Katrina coverage dispute filed by St. Charles Parish Hospital Service District No. 1 ("St. Charles") in the Twenty-Ninth Judicial District Court for the Parish of St. Charles, Louisiana. The coverage dispute concerns UF's commercial property insurance policy issued to St. Charles Parish Hospital District No. 1 and which was in full force and effect when Hurricane Katrina made landfall in Louisiana on August 29, 2005. Coverage limits of the policy for

1

windstorm include:

>Damage to building - $15,552,600.00 coverage limit with a $25,000.00 deductible;

>Business Income w/ Extra Expense - $5,000,000.00 coverage limit; and

>Personal Business Property- $7,262,400.00 coverage limit.[1]

Plaintiff made a claim against UF for windstorm damage and loss of business income under the Policy for the insured business premises located at 625 Mallard Rd. in Luling, Louisiana. UF issued payments for the property damage and advised the hospital that its claim for business income loss and certain property damage to the building were not covered under the terms and provisions of the policy.

Each of the parties appointed appraisers, *i.e.*, Lewis O'Leary for St. Charles and Fred Combs for UF.

### Plaintiff's Motion to Appoint an Umpire

Plaintiff seeks the appointment of an umpire to determine the "business interruption loss;" as aforestated, UF denied coverage of same. The parties do not disagree that the provisions of the policy allow for the appointment of an umpire (the cost of which is shared equally by the parties) when the appraisers disagree as to the quantification/amount of the loss. If the appraisers cannot agree on an umpire, then the policy allows the Court to select one. Both parties have submitted nominees.

UF requested that the Court defer the appointment of an umpire until coverage of such a loss is determined via motion for summary judgment. Defendant highlights that the umpire and the appraisers can only place a value on the loss – they cannot properly determine coverage

---

[1] UF Policy No. 60112367 Declarations Page [Plaintiff's Exh. "A"/Doc. #5-3 and UF's Exh. "A"/Doc. #14-2].

disputes.

The Court previously determined that the purpose of the appraisal as provided in the policy is to effect a swift informal decision to expedite the coverage determination. The policy provides for such an appraisal "at the request of either party"[2] to determine the value of the loss and address technical issues involving the valuation of damages. This is the procedure clearly contemplated by the terms of the policy which UF drafted. In any event, it is undisputed that, even if there is an appraisal, UF retains the right to deny coverage.

### Appraisal Provision in UF's Policy

The pertinent policy provision states:

"If we and you disagree on the amount of Net Income and operating expense or the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser.

The two appraisers will select and umpire. If they cannot agree, either may request that the selection be made by a judge or a court having jurisdiction...."[3]

Plaintiff's contention is that its appraiser and defendant's appraiser agreed on Ernie L. Carpenter, but defendant's appraiser (Fred Combs) was instructed by UF to withdraw his agreement to appoint Mr. Carpenter.[4] Plaintiff submits that, based upon the policy provision, the Court should simply implement the appraisers' prior agreement to appoint Mr. Carpenter. Nevertheless, it is apparent that prior to his engagement as umpire assent was withdrawn. The parties have each submitted four nominees; thus there is a pool of eight individuals from which

---

[2]*Id.,* at Section D1 p. 2 of 6 entitled "Loss Conditions/Appraisal" [Doc. # 5-3].

[3]*Id.*

[4]*See* Affidavit of Plaintiff's Appraiser, Lewis Edward O'Leary, Jr. dated December 17, 2007 [Doc. #17-5]; Plaintiff's Supplemental Memorandum in Support of Motion to Appoint Umpire and Deposition of Lewis Edward O'Leary, Jr. [Doc. #28 and 28-2].

this Court must choose one.

## Prospective Umpire

It is axiomatic that the third appraiser/umpire must be impartial so that his decisions are based on the merits of the disputed valuation rather than the personal influence or identity of the parties.  In this tri-partite scenario, the appointed umpire occupies the position analogous to a judge because the umpire presides over the two non-neutral appraisers – non-neutral only in the sense that they were named by the parties.  Impartiality and absence of bias in favor of or against either party imparts confidence in the appraisal process.

Beyond the requirement of impartiality, subject matter expertise and being knowledgeable about the issues in dispute are relevant to the appointment.  In this regard, experience in damage analysis, estimating and/or appraisals weighs in on the positive side.  Individuals familiar with the practices and procedures customarily used in appraising structural damage or estimating repairs (as opposed to adjusting claims) will promote both fairness and efficiency of the process.

Plaintiff has nominated Ernie L. Carpenter, Joseph W. Freeman, Rondell W. Young and John A. Voelpel, III.[5]  The Hospital's first three nominees are all employed by the government and act as building inspection officials.  All three have knowledge of building and repair practices and are fluent with code and ordinances issues which have a bearing on the valuation of the damages claimed in this case.[6]  The defendant contends that because the Hospital's nominees

---

[5] *See* Plaintiff's Motion to Appoint Umpire at Exhibits "B", "C", "D" and "E" [Doc. #5-3]; UF's Second Response and Exhibits "A," "B" and "C"[Doc. # 32].

[6] *See* Plaintiff's Supplemental Memorandum in Support of Motion to Appoint Umpire and Exhibits [Doc. #24].

have no experience *adjusting* claims they are not qualified or competent to serve as umpire.  The Court disagrees.  A seasoned insurance adjuster is contraindicated in this case.  In addition to being neutral, fair and unbiased, the key is the requisite experience in building inspection, communicating with contractors, engineers and architects, damage appraisal, analysis or estimating.

Defendant has nominated Brett A. Locheridge, Winston Wood, Donald J. Hermann and John W. Perry, Jr.[7]  The first three of the defendant's nominees appear to have the relevant subject matter expertise but they are seasoned insurance adjusters and, concomitantly, have undesirable economic ties to the insurance industry, which appears to provide a substantial portion of their income.

The fourth candidate nominated by each of the parties (John A. Voelpel, III and John W. Perry, Jr.) do not have the requisite background, education and training in damage analysis.  The Court is convinced that a neutral individual, who is financially independent of both the plaintiff and the insurance industry, and who also has the requisite special experience in damage analysis, will be in best position to efficiently umpire the appraisal of St. Charles' claims in this case.

Accordingly and for all of the foregoing reasons, the undersigned Magistrate Judge APPOINTS Ernie L. Carpenter[8] as umpire in this case.

---

[7]*See* United Fire's Response and Exhibits "B," "C," "D" and "E" [Doc. # 14]; Plaintiff's Reply to Defendant's Opposition at pp. 6–7 and Exhibits "3" and "4" [Doc. #17].

[8]Mr. Carpenter has 25 years experience with building in the Navy, is neither dependent on the plaintiff or the insurance industry for his livelihood, has experience/background in construction of commercial properties and dealing with contractors, engineers and architects and, being a building inspector, he is uniquely qualified to be fair and impartial.  Moreover, UF's neutral appraiser, Fred Combs, had no problem with the appointment of Ernie L. Carpenter as umpire in this case.  In any event, under the terms of the policy, the two *neutral* appraisers (and not the parties) were tasked with choosing an *umpire*.

New Orleans, Louisiana, this 28th day of April, 2008.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE